IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| GARY BOLDUC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:16-cv-515 |
| ) | |
| LIFE INSURANCE COMPANY OF ) | |
| NORTH AMERICA, d/b/a CIGNA GROUP ) | |
| INSURANCE, and EAST TENNESSEE ) | |
| HUMAN RESOURCE AGENCY, INC., ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

Comes now the Plaintiff, Gary Bolduc, by and through counsel, and for cause of action would state as follows:

## JURISDICTION

1. The Plaintiff, Gary Bolduc, is a citizen and resident of Knox County, Tennessee.

2. Defendant East Tennessee Human Resource Agency, Inc. ("ETHRA") is a business entity registered to do and doing business in the State of Tennessee. ETHRA may be served with process through its registered agent, Gary W. Holiway, 9111 Cross Park Drive, Suite D100, Knoxville, Tennessee 37923-4517. At all material times, Defendant ETHRA acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Upon information and belief, it is alleged that Defendant ETHRA was Plaintiff's employer through the relevant time periods and is the Planholder and/or Plan Administrator and/or Plan Sponsor of the long term disability "Plan" from which Plaintiff sought benefits.

1

4. Upon information and belief, it is alleged that the Defendant ETHRA is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5. Defendant Life Insurance Company of North America ("LINA"), d/b/a Cigna Group Insurance is an insurance company or third-party administrator with a principal office located in Philadelphia, Pennsylvania. LINA is a foreign corporation doing significant business within the state of Tennessee. LINA may be served through the Commissioner of Insurance located at 500 James Robertson Parkway, Nashville, Tennessee 37243.

At all material times, Defendant LINA acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

6. Upon information and belief, it is alleged that the Defendant LINA was the claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

7. Upon information and belief, it is alleged that the Defendant LINA is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

8. The Plaintiff brings this action to recover benefits due for her long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action

was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

9. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

10. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

11. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

FACTS AND CAUSE OF ACTION

12. At all times material, Plaintiff worked for Defendant East Tennessee Human Resource Agency, Inc.

13. As of May 4, 2015, Mr. Bolduc developed certain physical conditions and mental impairments that made it impossible for him to continue his work with Defendant ETHRA, and ultimately Mr. Bolduc's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which he is or can become qualified by reason of his education, experience or training and is not expected to be able to continue such work for the duration of his life.

14. Mr. Bolduc timely filed a claim for long term disability benefits with the Defendant LINA for long term disability benefits under Defendant ETHRA's Plan.

15. On August 18, 2015, Defendant LINA denied Mr. Bolduc's claim for long term disability benefits under the Defendant ETHRA Plan.

16. Mr. Bolduc promptly administratively appealed the August 18, 2015 denial.

17. On November 25, 2015, Defendant LINA denied Mr. Bolduc's claim for long term disability benefits under the Defendant ETHRA Plan.

18. On or about April 25, 2016, Plaintiff appealed Defendants' denial of long term disability benefits through the Plan procedures.

19. By letter dated May 2, 2016, Defendant LINA acknowledged receipt of Mr. Bolduc's appeal.

20. On May 27, 2016, Defendant LINA wrote Mr. Bolduc updating him on the status of Defendant LINA's review noting contact would be made no later than thirty days from May 27, 2016.

21. On June 10, 2016, Defendant LINA notified Mr. Bolduc that it required another forty-five (45) days to make a decision on his appeal.

22. On June 24, 2016, Defendant LINA notified Mr. Bolduc that Defendant LINA was still reviewing his claim and that contact would be made within thirty (30) days.

23. On July 22, 2016, Defendant LINA notified Mr. Bolduc that Defendant LINA was still reviewing his claim and that a decision would be made within ten (10) business days.

24. On August 11, Defendant LINA again denied Mr. Bolduc's claim for long term disability benefits under Defendant ETHRA's Plan.

25. Mr. Bolduc provided sufficient and convincing evidence that he qualified for long term disability benefits under Defendant ETHRA's Plan.

26. The Defendant LINA has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

27. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long-term

4
Case 3:16-cv-00515-HSM-HBG Document 1 Filed 08/23/16 Page 4 of 6 PageID #: 4

disability benefits in the event that Plaintiff became disabled as defined by the Plan.

28. Plaintiff is disabled under the terms of the Plan.

29. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

30. The decision to deny benefits was wrong under the terms of the Plan.

31. The decision to deny benefits and decision-making process were arbitrary and capricious.

32. The decision to deny benefits was not supported by substantial evidence in the record.

33. The appellate procedures did not provide the Plaintiff a full and fair review.

34. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

35. The Defendants violated the fiduciary duties owed to the Plaintiff.

36. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiffs disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendants to pay Plaintiff back benefits due under the Plan.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of him suit and reasonable attorney fees.

F. Grant such other and further relief to which Plaintiff is entitled.

G. Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted, this 23rd day of August, 2016.

s/ John P. Dreiser
John P. Dreiser (BPR #020743)
Attorney for the Plaintiff
1356 Papermill Pointe Way
Knoxville, TN 37909
(865) 584-1211